UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

PRIYA PROPERTIES, LLC, :
                  Plaintiff, :
                   :
     v. : No.   5:24-cv-5485
                   :
NATIONWIDE ASSURANCE COMPANY, :
                  Defendant. :
_____

**O P I N I O N**
Motion to Dismiss, ECF No. 7 - Granted

**Joseph F. Leeson, Jr.**                                                                    November 13, 2024
**United States District Judge**

**I.      INTRODUCTION**

After a storm damaged its commercial property, Priya Properties reported the loss to its insurer, Nationwide.  Nationwide denied the claim as outside the policy.  Priya now brings suit for breach of contract and bad faith.  Before the Court is Nationwide's Motion to Dismiss the bad faith claim.  For the reasons that follow, the Motion is granted.

**II.     BACKGROUND**

The factual allegations, taken from the Complaint, *see* ECF No. 1, are as follows:

In October of 2022, Priya purchased and/or renewed a Premier Business Owners Policy from Nationwide which covered, in part, Priya's commercial building located at Delaware Avenue in Northampton County.  *Id*. ¶ 5.  The policy provides coverage for, *inter alia*, "replacement costs," "temporary repairs after a loss," "loss of use of and/or business income loss," and "direct loss to property caused by wind and storm damage."  *Id*. ¶¶ 7-10.

On August 9, 2023, Priya's property sustained loss due to wind and storm damage which tore at the roof membrane, damaged shingles, and resulted in water damage.  *Id*. ¶ 11.  Priya

reported the loss which is estimated to be in the amount of $144,717. *Id*. ¶¶ 14-15. Priya has also suffered a loss of business use of the property. *Id*. ¶ 16. Priya's claim was denied because, in Nationwide's words, the "loss was caused by wear and tear and deterioration of the roof system, damage to a parking lot caused by surface water, and earth movement/settling of soil." *Id*. Ex. B. Later, Nationwide "improperly cancelled" Priya's insurance because of the loss. *Id*. ¶ 17. In Count I, Priya asserts breach of contract. In Count II, Priya asserts bad faith. In support of its bad faith claim, Priya avers that Nationwide:

> (a) failed to promptly and reasonably respond to the Plaintiffs' demands for prompt payment of the Plaintiff's claimed loss;
>
> (b) unreasonably and vexatiously refused to honor the claim and make payment of benefits to the Plaintiffs when it was clear that immediate payment of the Plaintiff's losses were covered, justified and warranted;
>
> (c) required the Plaintiffs to needlessly expend additional time, expense, and effort in order to obtain payment of the Plaintiff's losses which would not be necessary if the Defendant acted in good faith and promptly paid the Plaintiff the losses rightly due to him;
>
> (d) denied, failed and/or refused to pay the Plaintiffs' claimed loss without reasonable foundation or basis to do so;
>
> (e) forced the Plaintiffs to unnecessarily incur significant expenses by failing to promptly pay the claimed loss that was rightly due to him;
>
> (f) failed to adopt and implement reasonable standards for prompt investigation and payment of the Plaintiff's claimed losses arising out of the Plaintiffs' Business Owners insurance contract;
>
> (g) failed to conduct a reasonable investigation;
>
> (h) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claimed loss;
>
> (i) failed to exercise the utmost good faith and discharge of its statutory and
>
> contractual duties to the Plaintiff;
>
> (j) failed to properly inspect and/or re-inspect the property;
>
> (k) disregarded information provided to it from the Plaintiff;
>
> (l) failed to perform a reasonable investigation of the Plaintiff's claimed loss;

(m) by failing to properly inspect the property, or refusing to perform a thorough inspection;

(n) by cancelling the Plaintiffs' insurance after denying the claim due to the damages from the covered loss;

(o) disregarded information provided to it from the Plaintiff and/or its representative; and/or

(p) engaged in unfair claims settlement and insurance practices in violation of common law and Defendant's statutory obligations.

*Id.* ¶ 28.

Priya originally filed the Complaint in the Northampton County Court of Common Pleas. ECF No. 1. The matter was removed to this Court on October 15, 2024. *Id*. On October 22, 2024, Defendant filed a Motion to Dismiss the bad faith claim. ECF No. 7. The Motion is fully briefed and ready for disposition.

## III.  LEGAL STANDARDS

### A. Motion to Dismiss - Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      **B.**     **Bad Faith – Review of Applicable Law**

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 U.S. Dist. LEXIS 74496, at *9 (E.D. Pa. June 8, 2016). To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 U.S. Dist. LEXIS 140495, at *5-6 (E.D. Pa. July 28, 2021). "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.* "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 U.S. Dist. LEXIS 74496 at *11.

**IV.**     **ANALYSIS**

"Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). Accordingly, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id*. (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)). With regard to the claim for bad faith, Priya's Complaint consists entirely of conclusory allegations of the sort routinely dismissed by Courts in this jurisdiction. *See Shallow v. State Farm Mut. Auto. Ins. Co.*, No. CV 20-01336, 2020 WL 1508376 at *2 (E.D. Pa. Mar. 30, 2020) (collecting cases); *see also Myers v. State Farm Mut. Auto. Ins. Co.*, No. CV 17-3509, 2017 WL 3891968 at *3 (E.D. Pa. Sept. 6, 2017) (same).

For example, Priya avers that Nationwide "failed to conduct a reasonable investigation" but does not provide any facts to suggest why the investigation was unreasonable. *See id*. at *3 (holding the averment that the defendant "failed to properly investigate" an underinsurance claim was deficient because it "fail[ed] to set forth any explanations or descriptions of what Defendant actually did.") Similarly, Priya's conclusory averment that Nationwide "failed to adopt and implement reasonable standards for prompt investigation and payment of the Plaintiff's claimed losses" is insufficient where it fails to reference any standards or aver any facts which suggest they are unreasonable. *See Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 15-0077, 2015 WL 3444288 at *5 (E.D. Pa. May 28, 2015) (holding that the plaintiff's averment that the defendant "[f]ailed to adopt or implement reasonable standards in evaluating Plaintiff's claim" was conclusory where the complaint "d[id] not provide any factual allegations" in support.)

Others are plainly belied by Priya's own averments. For instance, the averment that Nationwide "failed to promptly and reasonably respond to Plaintiffs' [sic] demands for prompt

payment of Plaintiff's loss claimed loss" is belied by the averments that Nationwide acted on the claim in less than a month. Compl. ¶ 7, 28(a).

Accordingly, the Court holds that Priya has failed to state a claim with respect to Count II. While the dismissal is without prejudice[1] and with leave to amend, the Court notes that any amended complaint "must specifically include facts to address 'who, what, where, when, and how the alleged bad faith conduct occurred.'" *Rosenberg v. Amica Mut. Ins. Co.*, No. CV 18-406, 2018 WL 4944396, at *3 (W.D. Pa. July 12, 2018), *report and recommendation adopted*, No. CV 18-406, 2018 WL 4944372 (W.D. Pa. July 30, 2018).

## V. CONCLUSION

For the foregoing reasons, the Court grants Nationwide's Motion to Dismiss the bad faith claim brought in Count II.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").